UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA MOORE,<br><br>                                    Plaintiff,<br><br>v.<br><br>PACIFIC VIEW APARTMENTS CARLSBAD; STEVEN JANE DOE; JOHN DOE; JULIA JANE DOE,<br><br>                                    Defendants. | Case No.: 23-cv-00826-JAH-WVG<br><br>**ORDER DISMISSING CASE AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS** |

On May 4, 2023, Plaintiff, proceeding *pro se*, filed a complaint along with a motion to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel. Plaintiff filed an amended complaint on May 11, 2023. On June 22, 2023, Plaintiff filed a motion for a hearing on the merits of her action and a request for an injunction. All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of *habeas corpus*, must pay a filing fee of $454. *See* 28 U.S.C. § 1914(a); CivLR 4.5. A court may authorize the commencement of a suit without

1

prepayment of fees if the plaintiff submits an affidavit, including a statement of all their assets, showing that they are unable to pay the fees. *See* 28 U.S.C. § 1915(a).[1]

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). A court must also dismiss an action *sua sponte* if it determines, at any time, it lacks subject matter jurisdiction. *See* Fed.R.Civ.P. 12(h)(3); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011). Thus, Section 1915(e)(2) provides the court reviewing any complaint filed by a person proceeding *in forma pauperis* with the authority and obligation to make and rule on its own motion to dismiss the complaint prior to service, or at any time it becomes clear that the action is frivolous, fails to state a claim, or seeks monetary relief from immune defendants. *See Id.* at 845.

In her complaint, Plaintiff appears to assert claims for defamation, libel, and breach of the covenant of quiet enjoyment. She also refers to negligent property damage, violation of "Constitutional Civil Rights of not being harassed," denial of "human rights … that all rental property must give." Compl. at 3 (Doc. No. 1). Additionally, Plaintiff cites to 28 U.S.C. § 4101, 42 U.S.C. § 3601, and 26 U.S.C. § 6103. *Id*. at 2. Plaintiff alleges two residents of and two property managers for Pacific View Apartments knowingly and maliciously made false statements about Plaintiff that were damaging to her reputation and caused her emotional distress, intentionally made excessive loud noise daily that caused her "pain suffering/emotional distress/sleep deprivation," knowingly wrote false

---

[1] As a result of this Court's finding upon its *sua sponte* review of its complaint, the Court does not address the issue of Plaintiff's ability or inability to proceed IFP, or Plantiff's request for a hearing on the merits of the case, or for an injunction.

defamatory statements about Plaintiff, and destroyed "building property in unit 103 Plaintiff(s) unit with the excessive running, stomping, jumping which was told [to] defendant manager . . . " *Id*. at 2, 3.  Further, Plaintiff alleges the managers failed to take "action against unit 203" when the residents caused personal property damage, "allowed disclosure with unit (203)," and "denied Reasonable Accommodation." *Id.*

Federal Rule of Civil Procedure 8 requires a complaint to "contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8.  Courts have a duty to construe *pro se* pleadings liberally. *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003); *see Barnett v. Norman*, 782 F.3d 417, 422, n.2 (9th Cir. 2015) (noting *pro se* litigants are afforded a different leniency standard) (citing *Christensen v. Comm'r*, 786 F.2d 1382, 1384–85 (9th Cir.1986)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*) (noting that courts hold *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers"). However, a court's liberal construction of a *pro se* pleading will not apply facts not alleged by the plaintiff. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *see also James v. Lee*, 485 F. Supp. 3d 1241, 1251 (S.D. Cal. 2020).

Federal courts are courts of limited jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77, 84 (2010); *see also, Kline v. Burke Const. Co.*, 260 U.S. 226, 229-30 (1922).  To proceed with an action in federal court a plaintiff must establish that the court has subject matter jurisdiction.  *See Id*. There are two types of subject matter jurisdiction – federal question jurisdiction and diversity jurisdiction.  *See Id*.  The allegations in the complaint must sufficiently allege subject matter jurisdiction. See *Id*.  Plaintiffs must plead a colorable claim "arising under" the Constitution or laws of the United States to invoke federal-question jurisdiction pursuant to 28 U.S.C. § 1331. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).  The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Abada*

*v. Charles Schwab & Co.*, 300 F.3d 1112 (9th Cir. 2002). Although Plaintiff cites 28 U.S.C. § 4101, which defines "defamation" in foreign judgments, the complaint does not reference a foreign judgment. Plaintiff also alleges she was denied reasonable accommodation under 42 U.S.C. § 3601, which is the policy subsection of the Fair Housing Act. Under the Fair Housing Act, "to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap . . . " is unlawful. U.S.C. § 3604(f)(1). Discrimination includes "a refusal to make reasonable accommodations . . . when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." §3604(f)(3)(B); *Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1192 (9th Cir. 2021). Because Plaintiff does not claim to be handicapped, she does not belong to the class of people afforded reasonable accommodation under the Fair Housing Act. Plaintiff also alleges Defendants disregarded her "Constitutional Civil Rights of not being harassed," but she fails to cite a constitutional right violated by Defendants. Compl. at 3. To the extent she is seeking relief under 42 U.S.C. §1983 for a violation of her constitutional rights, Plaintiff must allege Defendants acted under color of state law, and that Defendant's actions or failure to act deprived Plaintiff of her constitutional rights. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (quoting *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir.2011)). The amended complaint contains no allegations demonstrating Defendants acted under color of state law or that they deprived her of her constitutional rights. Plaintiff also cites 26 U.S.C. § 6103 which governs the disclosure of tax information, but she does not reference tax related information in her complaint. As such, Plaintiff's allegations do not plainly state a claim arising under a federal law.

In addition, Plaintiff's allegations also appear to allege state law claims. A court may have jurisdiction to hear state law claims pursuant to diversity jurisdiction if a party shows: (1) complete diversity among opposing parties; and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Plaintiff bears the burden of demonstrating the court has jurisdiction. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d

716, 741 (9th Cir. 2013).  According to the allegations of the first amended complaint, two Defendants live in Pacific View Apartments located in San Diego, and Plaintiff fails to list the citizenship of the two Defendants who manage the apartments.  Compl. 2.  Plaintiff fails to confirm the complete diversity of citizenship to support this Court's exercise of jurisdiction over the claims.  As alleged, Plaintiff fails to establish this Court has jurisdiction over this action.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's complaint is **DISMISSED without prejudice**;
2. Plaintiff's motion to proceed *in forma pauperis* is **DENIED as moot**;
3. Plaintiff's motion for a ruling on the merits is **DENIED as moot**;
4. Plaintiff's request for an injunction is **DENIED as moot**;
5. Plaintiff may file an amendment complaint addressing the deficiencies noted above **on or before August 1, 2023**.

DATED:   June 27, 2023

_____
JOHN A. HOUSTON
United States District Judge