UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA MOORE,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PACIFIC VIEW APARTMENTS CARLSBAD LLC; STEVEN QUICK; JANE DOE; JOHN DOE; PROPERTY ATTORNEYS; JULIA DOUGLAS,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:23-cv-00826-JAH-WVG<br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S AMENDED MOTION TO FILE SUPPLEMENTAL DOCUMENTS (ECF NO. 20);**<br><br>**(2) GRANTING PLAINTIFF'S MOTION TO FILE UNDER SEAL (ECF NO. 15);**<br><br>**(3) DISMISSING PLAINTIFF'S THIRD AMENDED COMPLAINT WITH PREJUDICE (ECF NO. 14);** |

**INTRODUCTION**

On May 4, 2023, Plaintiff, proceeding *pro se*, filed a complaint along with a motion to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel. (ECF Nos. 1-3). On May 11, 2023, Plaintiff filed a first amended complaint. (ECF No. 4). On June 23, 2023, Plaintiff filed a motion for hearing on the merits of her action and a request for an injunction. (ECF No. 5). On June 27, 2023, the Court dismissed the first

amended complaint without prejudice, denied the IFP as moot, denied the motion for a ruling on the merits as moot, and denied the request for an injunction as moot. (ECF No. 6). The Court permitted Plaintiff to file a second amended complaint on or before August 1, 2023. *Id.* On July 18, 2023, Plaintiff filed a second amended complaint along with another IFP motion and motion to appoint counsel. (ECF Nos. 8-10). On September 28, 2023, Plaintiff filed an expedited motion to supplement the pleading. (ECF No. 11). On November 1, 2023, the Court dismissed the second amended complaint without prejudice, granted the IFP, denied the motion to appoint counsel as moot, and denied the motion to supplement pleadings as moot. (ECF No. 13). On November 13, 2023, Plaintiff filed a third amended complaint along with a motion to file documents under seal.[1] (ECF Nos. 14; 15). Thereafter, Plaintiff filed a motion for leave to file supplemental documents.[2] (ECF No. 20).

After careful consideration of the pleadings and the applicable law, and for the reasons set forth below, the Court **GRANTS** Plaintiff's motion to file supplemental documents, **GRANTS** Plaintiff's motion to file under seal, and **DISMISSES** Plaintiff's third amended complaint with prejudice.

## LEGAL STANDARD

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. Section 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous,

---

[1] Plaintiff contends the documents contain confidential medical information that are relevant to issues presented in her third amended complaint.

[2] Plaintiff initially filed a motion seeking leave to file supplemental documents that were illegible. (ECF No. 18). Plaintiff subsequently filed a legible motion requesting leave to file supplemental documents. (ECF No. 20). Recognizing its obligation to construe Plaintiff's motions and pleadings liberally, this Court will treat both the third amended complaint and the supplemental pleading as a unified third amended complaint. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).  A court must also dismiss an action *sua sponte* if it determines, at any time, it lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011).  Thus, Section 1915(e)(2) provides the court reviewing any complaint filed by a person proceeding IFP, with the authority and obligation to make and rule on its own motion to dismiss the complaint, prior to service, or at any time it becomes clear that the action is frivolous, fails to state a claim, or seeks monetary relief from immune defendants.  *Calhoun*, 254 F.3d at 845.

Federal Rule of Civil Procedure 8 requires a complaint to "contain: (1) a short and plain statement of the grounds for the court's jurisdiction"; "(2) a short and plain statement of the claim showing the pleader is entitled to relief; and (3) a demand for the relief sought."  Fed. R. Civ. P. 8.  Courts have a duty to construe *pro se* pleadings liberally.  *See Bernhardt*, 339 F.3d at 925; *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*) (noting that courts hold *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers").  However, a court's liberal construction of a *pro se* pleading will not apply facts not alleged by the plaintiff.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of* America, 511 U.S. 375, 377 (1994).  To proceed with an action in federal court, a plaintiff must establish that the court has subject matter jurisdiction.  *Id*.  There are two types of subject matter jurisdiction – federal question jurisdiction and diversity jurisdiction.  *See* 28 U.S.C §§ 1331 and 1332.

///
///
///
///

# DISCUSSION

## I. Plaintiff's Complaint

In her third amended complaint, Plaintiff alleges two residents ("Defendant Residents") of and two property managers ("Defendant Property Managers") for Pacific View Apartments intentionally made false statements about Plaintiff that were damaging to her reputation, causing her humiliation, trauma, and physical and mental anguish. (ECF Nos. 14; 20). Plaintiff further alleges the residents, residing in the apartment unit directly above Plaintiff, have intentionally made excessive and unbearable noise by "stomping [and] hitting on the floor," which caused the drywall in Plaintiff's unit to break and resulted in Plaintiff suffering a concussion. (ECF No. 20 at 5). Additionally, Plaintiff alleges that the Defendant Residents operate their washing machine for several hours throughout the day and night to further harass Plaintiff. *Id.* Plaintiff contends the reason for the Defendant Residents' "excessive and unbearable noises … [is] because of Plaintiff's visible protected characteristic." (ECF No. 14 at 2). Plaintiff also contends that the Defendant Residents have "secretly record[ed] Plaintiff while Plaintiff [is] inside of [her] home." (ECF No. 20 at 3). Plaintiff also alleges that the Defendant Property Managers began harassing her after she made a report of the residents' "excessive [and] intentional noises." (ECF No. 14 at 2). Lastly, Plaintiff alleges she requested reasonable accommodations for her disability by requesting Defendant Property Managers to move her into another unit, but her request was denied. *Id.* Plaintiff cites to 42 U.S.C. Sections 3601 and 3604 of the Fair Housing Act ("FHA"), 42 U.S.C. Section 12102 of the Americans with Disabilities Act ("ADA"), and 18 U.S.C. Section 2511 of the Federal Wiretap Act ("Wiretap Act") to support her claims. (ECF Nos. 14; 20).

### A. Federal Claims

To the extent Plaintiff is asserting claims under federal law, she must plead a colorable claim "arising under" the Constitution or laws of the United States to invoke federal question jurisdiction pursuant to 28 U.S.C. Section 1331. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). "The presence or absence of federal question jurisdiction is

governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint." *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1118 (9th Cir. 2002) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392–393 (1987). Plaintiff's third amended complaint references the FHA, the ADA, and the Wiretap Act. (ECF Nos. 14; 20).

### 1. Fair Housing Act ("FHA")

Under the FHA, it is unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of—(A) that buyer or renter, (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or (C) any person associated with that buyer or renter." 42 U.S.C. § 3604(f)(1). Discrimination under the FHA includes, but is not limited to, "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Id.* at § 3604 (f)(3)(B). The FHA defines handicap with respect to persons as "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment[.]" 42 U.S.C. § 3602(h). To state a claim of discrimination resulting from denial of reasonable accommodations, a plaintiff must show "that (1) [s]he suffers from a handicap as defined by FHA[]; (2) defendants knew or reasonably should have known of the plaintiff's handicap; (3) accommodation of the handicap 'may be necessary' to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation." *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003) (quoting *United States v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir.1997). Thus, a "causal link" must exist between the requested accommodation and the plaintiff's disability. *Giebeler*, 343 F.3d at 1155. However, "[t]he reasonable accommodation inquiry is highly fact-specific, requiring case-by-case determination."

*Cal. Mobile Home Park Mgmt. Co.,* 107 F.3d at 1380.

Here, Plaintiff alleges she is a handicapped person as defined under the FHA and was discriminated against by Defendants "because of [her] visible protected characteristic." (ECF No. 14 at 2). Plaintiff asserts that she suffers from "Emotional Impaired Disorder and Sensory Impaired Disorder" which limits her ability to walk and see. *Id.* Plaintiff alleges that she requested to be moved into another apartment unit, but her request was denied by the Defendant Property Managers. *Id.* Plaintiff further asserts that her request to move into another unit away from Defendant Residents is medically necessary and that her apartment unit is uninhabitable because of Defendant Residents' "intentional harassment [and] excessive loud noises." (ECF No. 20 at 6). However, Plaintiff does not allege any facts to demonstrate that her requested accommodation was necessary. *See Giebeler*, 343 F.3d at 1155; *see also Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d at 1381 (finding that the plaintiff failed to prove her prima facie case of FHA reasonable accommodation discrimination because she "failed to show why [her caretaker]'s convenience is necessary for her own use and enjoyment of her home."). For example, Plaintiff fails to sufficiently allege facts indicating how a different unit away from Defendant's "excessive loud noises" would ameliorate Plaintiff's alleged disability that impacts her ability to walk and see. (ECF Nos. 14 at 2; 20 at 6). As currently plead, there are no facts showing a "causal link" between Plaintiff's requested accommodation and her status as a disabled person. *See Giebeler*, 343 F.3d at 1156. Her conclusory allegation that a move to a different unit is medically necessary is insufficient. Accordingly, Plaintiff's third amended complaint fails to sufficiently allege a claim under the FHA.

### 2. Americans with Disability Act ("ADA")

Plaintiff does not indicate under which title of the ADA she seeks relief. As such,

the Court will address both Title II and Title III of the ADA.[3]

### i. Title II of the Americans with Disability Act

Title II of the ADA prohibits discrimination of a "qualified individual with a disability" by a public entity or the denial of benefits of services of a public entity. 42 U.S.C. § 12132. To state a claim under Title II, a plaintiff must allege facts showing "(1) [s]he is a 'qualified individual with a disability'; (2) [s]he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of [her] disability." *Weinreich v. Los Angeles County Metropolitan Transp. Authority* (9th Cir. 1997) 114 F.3d 976, 978.

Here, Plaintiff's third amended complaint does not allege that any defendant is a public entity, which is fatal to her claim. Additionally, Plaintiff has not alleged facts that Defendant's conduct is connected to, or "by reason of," Plaintiff's status as a disabled person. *Id.* Therefore, Plaintiff's third amended complaint fails to sufficiently allege a claim under Title II of the ADA.

### ii. Title III of the Americans with Disability Act

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.* 481 F.3d 724, 730 (9th Cir. 2007). Apartments and other similar dwellings covered by the FHA are generally not considered "public accommodations" under Title III of the ADA. *See, e.g., Wolf v. City of Millbrae*, 2023 WL 2134403 n.1 (9th Cir. 2023); *Arceneaux v. Marin Hous. Auth.*, 2015 WL 3396673, *7 (N.D. Cal. May

---

[3] Title I of the ADA prohibits discrimination in employment circumstances. Title I does not apply to Plaintiff's allegations of discrimination relating to her housing. *See* 42 U.S.C. § 12112(a).

26, 2015) ("[A]partment complexes do not constitute 'public accommodations' within the meaning of the ADA.").

Here, Plaintiff's third amended complaint does not allege that any defendant is a private entity which operates as a place of public accommodation. As currently plead, Plaintiff's third amended complaint fails to state sufficient facts to allege a claim under Title III of the ADA.

### 3.  Federal Wiretap Act

Plaintiff alleges a new cause of action in her third amended complaint under the Wiretap Act. 18 U.S.C. § 2511. Pursuant to the Wiretap Act, it is unlawful for any person to "intentionally intercept[], endeavor[] to intercept, or procure[] any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." *Id.* The Wiretap Act contains a civil damages provision which provides a private right of action to "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of [the act]." 18 U.S.C. § 2520. According to the Wiretap Act, "intercept" means "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). The Wiretap Act defines "contents" to "include[] any information concerning the substance, purport, or meaning of that communication." 18 U.S.C. § 2510(8). Thus, interception occurs "when the contents of a wire communication are captured or redirected in any way." *Noel v. Hall,* 568 F.3d 743, 749 (9th Cir. 2009) (quoting United *States v. Rodriguez,* 968 F.2d 130, 136 (2d Cir.1992).

Here, Plaintiff alleges that her "phone communications were violated by [the Defendant Residents] by secretly recording Plaintiff while Plaintiff was inside of [her] home." (ECF No. 20 at 3). Other than this conclusory allegation, Plaintiff fails to plead any plausible facts to support her allegation that the Defendant Residents recorded Plaintiff or Plaintiff's telephone communications. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As currently plead, Plaintiff's complaint fails to meet this burden. Accordingly, Plaintiff's complaint fails to sufficiently allege a claim under the Wiretap Act.

Because Plaintiff fails to sufficiently allege claims arising under federal law, she fails to establish federal question subject matter jurisdiction.

## B. State Law Claims

### 1. Diversity Jurisdiction

Plaintiff asserts state law claims for harassment, defamation, negligence, and breach of the covenant of quiet enjoyment. (ECF Nos. 14; 20). A court may exercise jurisdiction over state law claims pursuant to diversity jurisdiction if a party shows: (1) complete diversity of citizenship among opposing parties; and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Thus, the plaintiff's citizenship must be different from each defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Plaintiff bears the burden of demonstrating the Court has diversity jurisdiction. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).

According to Plaintiff's third amended complaint, she and Defendants Jane Doe and John Doe live in San Diego, California, at Pacific View Apartments. (ECF No. 14). Therefore, complete diversity of citizenship does not exist. Plaintiff does not allege the citizenship of the remaining Defendants Pacific View Apartments Carlsbad, LLC, or the Defendant Property Managers. The Court informed Plaintiff that the citizenship of these three Defendants must be identified in the complaint to support her burden of establishing complete diversity of citizenship. (ECF No. 6 at 4-5; ECF No. 13 at 8). As alleged, Plaintiff fails to establish this Court has diversity jurisdiction over the alleged state law claims.

### 2. Supplemental Jurisdiction

In "any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related

to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution." 28 U.S.C. § 1367(a). All state law claims must "arise from a common nucleus of operative facts" so that "considerations of judicial economy, convenience and fairness to litigants" support a single adjudication. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725-726 (1966). However, a district court's decision whether to exercise supplemental jurisdiction over state law claims once all federal claims have been dismissed is "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Thus, the district court may decline to exercise supplemental jurisdiction over a state law claim where the district court has dismissed all claims over which original jurisdiction was asserted but not established. *See* 28 U.S.C. 1367(c).

Because the Court dismisses all federal and state law claims alleged for failure to establish subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction over the state law claims.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's amended motion to file supplement documents is **GRANTED;**

2. Plaintiff's motion to file under seal is **GRANTED;**

3. Plaintiff's third amended complaint is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED: April 24, 2024,

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE